```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DONALD J. CRANSTON, JR., et al.,

                          Plaintiffs,          **SUPPLEMENT TO REPORT AND**
                                                 **     RECOMMENDATION     **
       - v -
                                                CV-04-1393 (JG)(VVP)
TADCO CONSTRUCTION CORP.,

                          Defendant.
-----------------------------------------------------------x
```

At a hearing in this matter on September 8, 2006, I recommended that Judge Gleeson grant the plaintiffs' application to enter a consent judgment in accordance with the terms of a settlement agreement that had been so ordered by the court in January of this year. See Settlement Agreement at docket entry 33, and so ordered in the docket entry immediately ensuing. The plaintiffs' application had been referred to me by Judge Gleeson in an effort to bring the parties back together before entry of a judgment was necessary. This Supplement to that recommendation is offered in order more fully to provide the factual context for the recommendation made on the record at the hearing.

This matter arises under ERISA and involves claims for unpaid contributions to benefit funds which the plaintiffs serve as trustees. The contributions were owed by the defendant pursuant to the terms of a collective bargaining agreement, which required the defendant to make certain specified amounts of contributions for each man-hour worked by employees performing tasks covered by the bargaining agreement. As a result of settlement discussions between the parties, which the court monitored but did not participate in, the parties reached a settlement which was reduced to writing and so ordered by Judge Gleeson. The settlement called for a series of payments to be made over time by the defendant to the benefit funds. In addition, the settlement called for the execution of a Consent Judgment to be held in escrow by the plaintiffs' counsel but which would be entered in the event the defendant failed to make payments in accordance with the agreement. After making several payments, however, the defendant ceased making payments notwithstanding repeated notices of default.

At a conference with the parties in May 2006, the defendant, acting through its President Frank DeMartino and without counsel,[1] acknowledged that the defendant had not made the required payments. DeMartino sought, however, to rescind the settlement agreement because he claimed that another union had approached him, contending that it was owed contributions for one of the employees whose hours served as the basis for the plaintiffs' claims in this action. In essence, according to DeMartino, he believed he was being asked to make contributions twice to two different sets of benefit funds on behalf of the same employee. Although I acknowledged that this placed DeMartino in a difficult situation, I advised him that this did not serve as a basis to rescind the agreement. In order to assist him, perhaps, in his discussions with the other union, however, it was agreed that the plaintiffs' counsel would "provide the defendant with information, in a form acceptable to the union with whom the defendant is presently negotiating, concerning the extent of payments made on behalf of employees for whom the union is seeking contributions, as well as the basis (i.e., dates and hours worked) on which those payments were made." Conf. Calendar, May 31, 2006, found at docket entry 38. It was further agreed that the defendant would make two payments to bring itself current under the settlement agreement and would continue thereafter to make payments in accordance with the payment schedule. See *id.* It was also made clear to DeMartino that upon advice by the plaintiffs that the defendant had failed to meet those obligations, I would recommend that the consent judgment be entered.

In a letter dated July 31, 2006, the plaintiffs advised the court that although they had provided the defendant with the information agreed upon at the May 31, 2006 conference, the defendant had again failed to meet its payment obligations. The plaintiffs accordingly sought the entry of judgment in the amount of $29,850.51, representing all remaining amounts due under the settlement agreement. At the ensuing hearing on September 8, 2006, DeMartino made clear his intention not to resume making payments under the settlement agreement and I thus recommended that the consent judgment be entered in the amount requested. The transcript of the hearing on September 8, 2006, to which this is a supplement, contains that recommendation.

\*     \*     \*     \*     \*     \*

---

[1]Although initially represented by counsel, the defendant has proceeded without counsel since April 2005 when its counsel's motion to withdraw was granted without opposition.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
        September 29, 2006